1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                        **DISTRICT OF NEVADA**
10

11  CHARLES ELDERING, et al.,            Case No.: 2:19-cv-00772-JAD-NJK
12          Plaintiff(s),                          **ORDER**
13  v.                                        [Docket No. 5]
14  GLENN DILLARD, et al.,
15          Defendant(s).

16        Pending before the Court is Plaintiffs' motion for an extension of time to serve Defendants

17 and request to serve Defendants by publication.  Docket No. 5.  The motion is properly resolved

18 without a hearing.  *See* Local Rule 78-1.  For the reasons discussed below, Plaintiffs' motion,

19 Docket No. 5, is **GRANTED**.

20 **I.     Discussion**

21     A.  Extend Time for Service

22        Where good cause is shown, the time for serving the complaint is extended for an

23 appropriate period.  *See* Fed. R. Civ. P. 4(m).  "As a general matter, a showing of good cause

24 requires more than simple inadvertence, mistake of counsel, or ignorance of the Rules of Civil

25 Procedure."  *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Monroe,* 2011 WL 383807, *1 (D. Nev.

26 Feb. 2, 2011).

27

28

                                           1

Here, the Court finds that Plaintiffs have diligently attempted to serve Defendants, including reviewing their communications with Defendant Rio Wild,[1] researching where the company is domiciled, and reviewing state business entity records. Docket No. 5 at 2. Plaintiffs additionally hired a process server and a private investigator, who each conducted research, surveillance, and attempted service multiple times, including at the residences of Defendant Glenn Dillard's parents and ex-wife, which are residences associated with Defendant Dillard. *Id*. at 3-5. The private investigator also investigated a separate property that was Defendant Dillard's last-known address; however, this property appeared empty and for sale. *Id*. at 4.

Accordingly, the Court finds that good cause exists to extend the time for service. The Court **GRANTS** Plaintiffs' request to extend service. Plaintiffs must serve Defendants no later than October 15, 2019.

B.  Service by Publication

Plaintiffs additionally ask the Court for an order to serve Defendants by publication. Docket No. 5 at 5. Service by publication is generally disfavored because substituted service implicates a defendant's constitutional right to due process. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15; *see also Trustees of the Nev. Resort Assoc.—Int'l Alliance of Theatrical Stage Employees & Moving Picture Machine Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis 106456, *2 (D. Nev. July 29, 2013).

Service is to be provided pursuant to the law of the forum state, or in which service is made. *See* Fed. R. Civ. P. 4(e)(1). Nevada law permits service by publication if the plaintiff cannot, after due diligence, locate the defendant. Nev. R. Civ. P. 4.4(c)(1)(a). Due diligence is that which is appropriate to accomplish actual notice and is reasonably calculated to do so. *See Abreu v. Gilmer*, 115 Nev. 308, 313 (1999) (citing *Parker v. Ross*, 117 Utah 417, 217 P.2d 373, 379 (Utah 1950)). Courts may consider the number of attempts made to serve the defendant at his residence and other methods of locating the defendant, such as consulting public directories and family members. *See Price v. Dunn*, 787 P.2d 786, 786-787; *see also Abreu*, 115 Nev. at 313-314. The basic rule is that

---

[1] Defendant Dillard identifies himself as Rio Wild's CEO. Docket No. 5 at 2.

all reasonable means of locating and serving the defendant should be employed. *See Price*, 787 P.2d at 787; *see also Paws Up Ranch, LLC v. Green,* 2014 U.S. Dist. Lexis 93202, at *3 (D. Nev. July 9, 2014).

Here, the Court finds that Plaintiffs have diligently attempted to serve Defendants on multiple occasions at multiple addresses. Docket No. 5 at 2-6. Plaintiffs undertook a detailed review of their communications with Defendants and conducted research at length to evaluate where the company was domiciled, including reviewing multiple states' business records. *Id.* at 2. Additionally, Plaintiffs hired a process server who reviewed records, visited the addresses of Defendant Dillard's parents and ex-wife on several occasions, investigated Defendant Dillard's last-known address, and attempted to call Defendants. *Id.* at 3-5, 7-8. Further, Plaintiffs hired a private investigator who reviewed the information, searched public records, and visited and surveilled the same locations multiple times. *Id.* at 5-6. Finally, Plaintiffs provided the Court with the proposed language of the summons and a newspaper in which the summons should be published. *Id.* at 7-8; *see also* Docket No. 5-4 at 2.

The Court finds that these circumstances justify allowing service by publication.

**III.   Conclusion**

Accordingly, the Court **GRANTS** Plaintiffs' motion to extend the deadline to effectuate service. Docket No. 5. The deadline to serve Defendants is extended to October 15, 2019. Further, the Court **GRANTS** Plaintiffs' request to serve Defendants by publication. Plaintiffs **SHALL** comply with the requirements of Nevada Rule of Civil Procedure 4 and **SHALL**:

(i)     Serve Defendants by publication in the Las Vegas Review Journal, a newspaper of general circulation in Nevada, on a weekly basis for a period of four weeks.

(ii)    After publication is complete, Plaintiffs shall file an Affidavit of Publication from the Las Vegas Review Journal.

IT IS SO ORDERED.

Dated: August 12, 2019

_____
Nancy J. Koppe
United States Magistrate Judge